# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Anthony Ruiz,<br><br>Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>Respondents. | No. CIV 04-0918-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Robert Anthony Ruiz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The District Court dismissed his petition as untimely (Doc. 18). Ruiz appealed the dismissal, arguing that his second and third state post-conviction petitions were properly filed, and alternatively that he is entitled to equitable tolling (Doc. 38-1 at 2). The Court of Appeals held that the District Court correctly found petitioner's third petition untimely under state law and that it therefore did not toll AEDPA's statute of limitations (*Id*. at 5). As to the equitable tolling claim, the Court of Appeals stated as follows:

> Ruiz's claim for equitable tolling on the basis that he detrimentally relied on Dictado and Saffold may have merit. See Harris v. Carter, 515 F.3d 1051, 1057 (9th Cir. 2008) (holding that detrimental reliance on pre-Pace precedent that held that untimely state post-conviction petitions were "properly filed" for purposes of § 2244(d) and tolled the statute of limitations while the petitions were pending in the state courts justified equitable tolling of AEDPA's one-year statute of limitations).

(*Id*. at 6).

The Court of Appeals remanded for the Court's further consideration on the sole issue of whether Ruiz is entitled to equitable tolling (*Id*. at 6-7). Both parties have filed supplemental memoranda (Doc. 42, 43). The Court finds Ruiz's arguments for equitable tolling persuasive, and recommends that Respondents be required to respond to the merits of his habeas petition.

**ARGUMENT**

In his supplemental memorandum, Ruiz argues that (1) extraordinary circumstances stood in the way of his timely filing and (2) that he was pursuing his rights diligently (Doc. 42 at 7). Ruiz points to the following extraordinary circumstances: appointment of the same attorney in connection with both direct appeal and post-conviction relief, thereby denying the opportunity to raise ineffective assistance of appellate counsel; reliance by this Court on *Pace* in finding that Ruiz's second and third petition were not "properly filed" despite *Pace* being decided after Ruiz filed his petition; and the refusal of the attorney during direct appeal and initial post-conviction relief proceeding to raise the alleged violation of Ruiz's speedy trial rights (*Id*. at 7-9). Ruiz also argues that he was diligent: his second and third state petitions focused on exhausting his ineffective appellate counsel claim, which he could not raise in his first petition (*Id*. at 10). Ruiz further argues that "until *Pace* was handed down nearly a year after Mr. Ruiz filed his petition . . . [he] had every reason to believe that the petition was timely" (*Id*. at 11).

Respondents argue in their response that *Harris* does not provide for equitable tolling for Ruiz as he did not "tactically wait to file his habeas corpus petition because he relied on Ninth Circuit precedent" (Doc. 43 at 12-13). Further, Respondents argue that Ruiz had only asserted his detrimental reliance on the precedent on appeal to the Ninth Circuit, and had not mentioned it at any previous time (*Id*. at 14). Respondents point out that such deficiencies in attorney representation do not normally qualify as extraordinary circumstances to trigger equitable tolling (*Id*. at 16). Lastly, they argue that Ruiz was not diligent in pursuing federal habeas relief as he pursued successive rounds of post-conviction review (*Id*. at 17).

**DISCUSSION**

Assuming that the AEDPA is subject to equitable tolling, *see Bowles v. Russell*, 551 U.S. 205, 212 (2007), Ruiz has shown that equitable tolling should be applied in this case. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Equitable tolling exists to "'soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court.'" *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). A habeas petitioner must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**The Harris Chronology**

Because *Harris* is the avenue through which Ruiz seeks to gain equitable tolling, the similarities between the cases will be explored. In *Harris*, the petitioner was convicted of aggravated first degree murder. *Id.* at 1052. The Washington Court of Appeals affirmed his conviction, and the Supreme Court of Washington denied his petition for review. *Id*. Harris filed three personal restraint petitions[1] in the Washington state courts. *Id.* at 1053. He filed the first one with the Washington Court of Appeals 267 days after his conviction became final; the Court of Appeals affirmed two years, six months, and five days later. *Id*. Three months and thirteen days later, the Commissioner of the Supreme Court of Washington denied review. *Id*. One month and 26 days later, the Supreme Court denied Harris' petition to modify the commissioner's ruling. *Id*. Harris' second personal restraint petition was filed 29 days later. *Id*. Four months and 23 days later, the Commissioner dismissed Harris' petition because it contained some untimely claims. *Id*. Two months and eight days later, the Supreme Court of Washington denied his petition to modify the Commissioner's ruling.

---

[1]Personal Restraint Petitions are the vehicle for post-conviction relief in Washington State Courts equivalent to Rule 32 post-conviction relief petitions in Arizona. *See* WASH. R. APP. P .16.6.

1 *Id*. Harris filed his final personal restraint petition six days later. *Id*. Five months and three
2 days later, the Commissioner dismissed Harris' petition as untimely. *Id*. Two months and
3 17 days later, the Supreme Court of Washington denied Harris' petition to modify the
4 Commissioner's ruling.

On April 27, 2005, the United States Supreme Court decided *Pace*. In *Pace*, the Supreme Court held that untimely state post-conviction petitions are not "properly filed" under the AEDPA and do not toll its statute of limitations. *Pace*, 544 U.S. 408 at 417. Prior to *Pace*, the Ninth Circuit's precedent stated that untimely post-conviction petitions were properly filed for purposes of the AEDPA and resulted in the tolling of the limitations period. *See Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001). Harris filed his federal habeas corpus petition on May 11, 2005, two weeks after *Pace* was decided; the magistrate judge in that case concluded that the petition was therefore time-barred due to *Pace* and that Harris was not entitled to equitable tolling. *Harris*, 515 F.3d at 1054. Without any further explanation, the *Harris* Court concluded that Harris was "undoubtedly aware of when AEDPA's statute of limitations would expire under our rule in *Dictado*. Harris presumably chose his tactical strategy precisely *because* he believed that, under *Dictado*, he could pursue relief in state courts without jeopardizing his ability to file a federal habeas petition." *Id*. at 1055 (emphasis in original).

**The Ruiz Chronology**

On May 15, 1995, Ruiz was indicted on a charge of first-degree murder (Doc. 13, Exh A). The trial court imposed a life sentence which was later reduced to an 18-year term after the Arizona Court of Appeals reduced the conviction to second-degree murder (*Id*., Exh C, D, F). Following resentencing, Ruiz filed a notice of appeal on December 21, 1999 (*Id*., Exh G). On December 22, 1999, he filed a notice of post-conviction relief (*Id*., Exh H). He was granted several extensions in the post-conviction relief proceedings (*Id*., Exh M). On July 3, 2000, counsel filed a petition for post-conviction relief (*Id*., Exh N). The trial court granted an evidentiary hearing, finding one colorable claim (*Id*., Exh O). Ruiz filed a petition

for review (*Id.*, Exh P, Q). The trial court denied Ruiz's post-conviction petition (*Id.*, Exh R). Ruiz was granted an extension until May 21, 2001, to file a petition for review; it was filed on April 13 (*Id.*, Exh S, T). On January 25, 2001, the Arizona Court of Appeals affirmed his sentence (*Id.*, Exh I). On February 28, 2001, the Maricopa County Public Defender's Office notified Ruiz that it would not petition for review, and the Arizona Court of Appeals allowed Ruiz until March 30, 2001 to file a *pro se* petition for review (*Id.*, Exh J, K). On April 12, 2001, the Arizona Court of Appeals issued an order and mandate, stating that the time for filing a motion for reconsideration or petition for review had expired, and no motion or petition had been filed (*Id.*, Exh L).

On January 9, 2002, Ruiz's first petition for review was summarily denied by the Arizona Court of Appeals (*Id.*, Exh U). On February 7, 2002, his second petition for review was summarily denied (*Id.*, Exh V). Ruiz filed a second notice of post-conviction relief, alleging ineffective assistance of trial and appellate counsel (*Id.*, Exh W). This notice was summarily dismissed by the trial court on April 5, 2002, finding it to be time-barred (*Id.*, Exh X). On September 11, 2002, Ruiz filed a third notice of post-conviction relief and a petition for post-conviction relief, contending that his second post-conviction relief petition had been improperly dismissed (*Id.*, Exh Y). The trial court found the ineffective assistance claim untimely and granted him an extension of time to file a petition for review (*Id.*, Exh Z, AA). On January 9, 2003, Ruiz filed a petition for review to the Arizona Court of Appeals, which denied review summarily on March 2, 2004 (*Id.*, Exh BB, CC).

Ruiz's conviction became final on June 28, 2001, 90 days after the March 30 deadline for filing a petition for review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). His federal habeas petition was therefore due on June 28, 2002, a year after the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Under Circuit law at the time, the AEDPA's clock was stopped so long as Ruiz's post-conviction relief petitions were pending, regardless of their timeliness. *Dictado*, 244 F.3d at 727-28. Effectively, the AEDPA clock was stopped until denial of review on March 2, 2004. Ruiz filed his federal

1 habeas corpus petition on May 3, 2004 (Doc. 1). Using the *Dictado* rule, this was within the one year period, as Ruiz's post-conviction relief petitions, untimely though they may have been, stopped the AEDPA's clock.

**Finding of Equitable Tolling**

Ruiz finds himself in a situation that is very similar to Harris' - one that justifies equitable tolling. Just like Harris, Ruiz filed successive petitions for state post-conviction relief. Further, two of Harris' successive petitions for state post-conviction relief were deemed untimely by the state courts, as were two of Ruiz's. The Court finds that Ruiz was diligently pursuing his state court remedies, just as Harris was. *See Harris*, 515 F.3d at 1055-56. The Court assumes, as the *Harris* Court did, that Ruiz was *undoubtedly aware* of when AEDPA's statute of limitations would expire under the *Dictado* precedent. Adding to Ruiz's credibility is the date of his petition for habeas corpus. Ruiz filed his petition on May 3, 2004 (Doc. 1). *Pace* was not decided until April 27, 2005 - almost a year later. The Court finds that the lack of mention of detrimental reliance by Ruiz until his appeal to the Ninth Circuit does not support Respondents' argument that his tactics did not include a reliance on Ninth Circuit precedent. Because Ruiz was proceeding *pro se*, his filings must be liberally construed and held to a less stringent standard than those drafted by lawyers. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). As such, his failure to mention a reliance on *Dictado* until his appeal to the Ninth Circuit when he was represented by counsel does not reflect a lack of tactical strategy. Further, although equitable tolling is denied where a litigant's own mistake clearly contributes to his predicament, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007), there is no evidence that any mistake made by Ruiz resulted in his late filing. Because he relied on *Dictado* as part of his tactical decision as to when to file his federal habeas petition, Ruiz is entitled to equitable tolling under *Harris*. Ruiz's reliance on

1 Ninth Circuit law is an unusual circumstance as imagined in *Wallace*; it is not an every day occurrence. Equitable tolling is therefore appropriate.[2]

**IT IS THEREFORE RECOMMENDED** that Respondents be required to file a response addressing the merits of Anthony Robert Ruiz's petition (Doc. 1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), (b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

---

[2] Equitable tolling will not be granted on account of Ruiz's continuous representation by the same counsel during his appeals and post-conviction relief process or the refusal of appellate counsel to bring up the speedy trial violation during appeals. The inadequacy of his attorney representation does not rise to the level of an extraordinary circumstance which would allow him to qualify for equitable tolling. *Lawrence*, 549 U.S. at 336-37; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Attorney miscalculation is not an extraordinary circumstance, particularly in the post-conviction setting where prisoners have no right to counsel. *Lawrence*, 549 U.S. 327 at 336-37. Nothing in this case suggests that Ruiz could not have represented himself earlier and therefore been able to bring the ineffective assistance of counsel claim in a timely fashion. Further, the tactical decision, which could be fashioned as a mistake, by appellate counsel to not pursue the speedy trial violation on appeal is insufficient to create an extraordinary circumstance. Accordingly, equitable tolling will not be granted on account of Ruiz's continuous representation by the same counsel during appeal and post-conviction relief.

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 16th day of August, 2010.

_____
David K. Duncan
United States Magistrate Judge