**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| ROBERT ANTHONY RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | 2:04-cv-00918 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| DORA B. SCHRIRO et al., | ) | [Re: Report and Recommendation at Docket 54] |
| | ) | |
| Respondents. | ) | |

## I. MOTION PRESENTED

At docket 1, petitioner Robert Anthony Ruiz ("petitioner" or "Ruiz") petitions for a writ of habeas corpus. Respondents' third supplemental response is at docket 48. At docket 54, Magistrate Judge David K. Duncan filed a report and recommendation that the petition be denied and dismissed with prejudice. Ruiz objects to the report and recommendation at docket 57.

## III. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's

---

[1] 28 U.S.C. § 636(b)(1).

report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III. DISCUSSION

Ruiz objects to the report's finding that ground 1 of his petition was not fairly presented to the state courts. The report correctly concluded that Ruiz did not argue in state court that the evidence presented at trial was insufficient to establish identity and therefore violated his federal due process rights.[5] Ruiz argues that even though he did not cite federal authority, or mention "due process," that the substance of his federal due process claim was presented the state courts.[6] Petitioner's argument is foreclosed by *Duncan v. Henry*,[7] as he recognizes. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."[8] Here, the state courts were not so apprised and the report's finding that ground 1 was not fairly presented to the Arizona courts is correct.

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] Doc. 54 at 12.

[6] Doc. 57 at 2.

[7] 513 U.S. 364, 365–66 (1995).

[8] *Id.*

Ruiz objects to the report's findings that grounds 5 and 6 were procedurally defaulted. However, Ruiz's objections were lodged only to preserve any appealable issues and he does not present any arguments suggesting that the report's findings were erroneous.[9] The court has reviewed the report's findings consistent with the standard of review articulated above and determined that the report correctly concluded that grounds 5 and 6 are precluded by adequate and independent state grounds.[10]

Ruiz objects to the report's finding that ground 7 is not cognizable on habeas review because it is based on a state law evidentiary ruling.[11] Although the report is correct that federal habeas relief cannot be based on such a ruling,[12] the thrust of ground 7 is that the state trial court violated Ruiz's federal due process rights by permitting the testimony of an allegedly incompetent witness. However, petitioner's federal due process rights were not violated. Ruiz moved to preclude the witness's testimony[13] and the state court found the witness competent after examining him.[14] Ground 7 of the petition is without merit.

Ruiz objects to the report's finding that ground 8 is not cognizable but only for the purpose of preserving any appealable issues. The court has reviewed the report and

---

[9]Doc. 57 at 3 & n.8.

[10]Ground 5 was raised for the first time during post-conviction proceedings even though it could have been raised on direct appeal. Ground 6 was untimely raised in Ruiz's second petition for post-conviction relief.

[11]Doc. 54 at 16.

[12]*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[13]Doc. 48-5 at 2–4.

[14]Doc. 48-5 at 8–16.

determined that it correctly concludes that the evidentiary ruling did not deprive Ruiz of due process under federal law.

The report analyzed grounds 2, 3, and 4 on their merits. Ruiz's objections to the report's findings with respect to those grounds are raised only to preserve any appealable issues.[15] The court has reviewed the report's analysis of those grounds and determined that it correctly concluded that none have merit.

## IV.  CONCLUSION

For the foregoing reasons, the report and recommendation at docket 54 is **ADOPTED** in part and **MODIFIED** in part as described above. Ruiz's petition for writ of habeas corpus is **DENIED** and **DISMISSED** with prejudice.

DATED this 26th day of July 2011.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 57 at 5.